# WILLIAM GOLSEN

*v.*

# MICHAEL BRAND.

1. CONTRIBUTION — *right to, does not rest in contract.* The right to contribution does not arise out of any contract or agreement between co-sureties to indemnify each other, but on the principle of equity which courts of law enforce, that when two persons are subject to a *common burden,* it shall be borne equally between them.

2. SAME — *when sureties become bound at different times and by different instruments.* It is well settled that different sureties occupy towards each other the relation of co-sureties, and that contribution may be enforced between them, although they may have become bound jointly and severally by different instruments, at different times, and without the knowledge of each other, provided that the obligations into which they enter are for the same engagement and for the same principal, and it does not appear that one obligation was intended to be secondary or collateral to the others. It is sufficient for the right to claim contribution that it appears that the parties are under obligation to pay the same debt as sureties for a third person.

3. SAME — *among guarantors.* Where two persons, at the request of the maker of a note, write their names upon the back of the same, though not in the presence of each other, whereby they become co-guarantors, and one of them has to pay the note, he will be entitled to call upon the other for contribution.

4. Where one of two co-guarantors paid the debt, taking an assignment of the note to a third party, to whom he charged the amount paid by him

and caused suit to be brought thereon against his co-guarantor, which he afterwards dismissed, and brought suit for contribution, producing the note on the trial, with the payee's indorsement erased, it was *held*, that causing the note to be indorsed and suit brought thereon, was no bar to his right to sue for contribution.

5.  SAME — *paying debt before due.*  Where a co-guarantor pays the note before it is due, at the request of the other guarantor, the latter will be liable to contribute, and it has been held that payment before maturity is not necessarily voluntary, and that eventual liability is equivalent to a precedent request to pay.

APPEAL from the Superior Court of Cook county ; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. JUSSEN & ANDERSON, for the appellant.

Messrs. NISSEN & BARNUM, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of assumpsit, brought by Brand against Golsen, for contribution.  Otto Hartung, and Ida Hartung, his wife, made their promissory note, bearing date February 1, 1873, payable six months after date, with ten per cent interest, to Jacob Keller.

Before the delivery of the note to Keller, Golsen and Brand, at the instance of the maker, Hartung, and on requirement of the payee, wrote their names in blank upon the back of the note, Golsen writing his first; and on the 26th day of July, 1873, Otto Hartung having previously gone into bankruptcy, Brand paid the note to Keller, and afterward brought this action against Golsen, to recover one-half of the amount so paid.  He recovered in the court below, and Golsen appealed.

The obligation which Golsen and Brand assumed, by writing their names upon the back of the note, was, under the decisions in this State, that of guarantors.  No question is made in this respect, but, inasmuch as the proof shows that Golsen and Brand made the indorsements of their names at different times, not in the presence of each other, and without any agreement or concert between themselves in the matter, it is claimed by appellant that

the parties entered into the guaranties they made, severally, and that there is no liability to contribution; that to enforce contribution, the parties must have been joint guarantors. Such a claim is without any legal support. It was enough that the parties were co-guarantors; they were not required to be, otherwise, joint guarantors.

The right to contribution does not arise out of any contract or agreement between co-sureties to indemnify each other, but on the principle of equity, which courts of law enforce, that where two persons are subject to a *common burden*, it shall be borne equally between them.

It is well settled that different sureties occupy toward each other the relation of co-sureties, and that contribution may be enforced between them, although they may have become bound jointly, or severally, by different instruments, at different times, and without the knowledge of each other, provided that the obligations into which they enter are for the same engagement and for the same principal, and it does not appear that one obligation was intended to be secondary or collateral to the others. It is sufficient for the right to claim contribution, that it appears that the parties were under obligation to pay the same debt as sureties for a third person.

These principles find support in the following, among other authorities: *Norton* v. *Coons*, 3 Denio, 132; *Armitage* v. *Pulver*, 37 N. Y. 494; *Warren* v. *Morrison*, 3 Allen, 567; *Dering* v. *Earl of Winchelsea*, 1 Lead. Cas. Eq. 131; S. C, 1 Cox's Cases, 318; S. C. 2 B. & P. 270; Burge on Suretyship, 384–5; *Breckenridge* v. *Taylor*, 5 Dana, 112; 1 Story's Eq. Ju. sec. 495.

We apprehend it is not to be denied, that the same rules of contribution govern between guarantors, as between sureties.

Appellant's counsel, in support of their view, cite 2 Pars. on Notes and Bills, 140, where it is said: " A guarantor is not liable for contribution to a maker, or any other party on a note or bill, or to any person except one who is a joint guarantor with himself." But by " joint guarantor," the author unquestionably meant no more than co-guarantor.

The author's text refers only to *Langley* v. *Griggs*, 10 Pick. 121, and nothing in that decision justified the use of the word "joint," in the sense which is here claimed by appellant. The same may be said in reference to the other citation, that "the undertaking which is to serve as the foundation of a claim for contribution, must be joint and not separate and successive." 1 Pars. on Contracts, 35. In neither citation does there appear any intention to draw a distinction in the case of co-guarantors, or co-sureties, between whether they are bound jointly, or severally, and to hold that the right of contribution exists only in the former, and not in the latter case. They afford no countenance to such a doctrine.

It is further insisted that Brand cannot sue for contribution, because the evidence establishes that not he, but the Brewing Company, a corporation of which Brand is president, paid the note in question with the funds of the company ; and because of the supposed liability of Golsen hereafter to a suit on behalf of the Brewing Company as a *bona fide* holder of the note. Brand does testify, that he paid the note and charged it to the company, and that he caused a formal indorsement to F. J. Dewes, the secretary of the company, to be written over the name of Keller, the payee, on the back of the note, and that suit was afterward instituted in the name of Dewes against Golsen, and subsequently dismissed. But, although Brand was the president of the Brewing Company, he was the guarantor upon the note, and not the company ; there was no liability of the company. There is no doubt that Brand paid the note to Keller, and thus discharged the common burden resting upon himself and Golsen, and charging the amount of the payment to the company and causing the note to be formally indorsed to Dewes and sued in his name, is no bar to the right for contribution.

The note was brought into court by Brand and produced by him at the trial with the indorsement to Dewes, and the payee's indorsement stricken out. There is no ground of liability of Golsen to any further suit.

It is lastly objected, that Brand paid the note before it was due, on the 26th of July, when it was not due until August 1; that there was no present legal liability to pay the note at the time when it was paid, and so no implied request to pay it.

But there ·was evidence in the case, from which the jury might have been warranted in finding an express request by Golsen to Brand to pay the note at the time he did. Besides, it has been held that payment in such case, before maturity, is not necessarily voluntary, and that eventual liability is equivalent to a precedent request. *Craig* v. *Craig*, 5 Rawle, 98.

We perceive no ground for reversing the judgment, and it will be affirmed.

*Judgment affirmed.*