## ALEXANDER B. MOORE
### v.
## ABRAM BRUNER.

*Principal and Surety—Co-sureties—Payment of Judgment—Contribution—Guardian and Ward—Board.*

1. At law, where one of several sureties upon a 'guardianship bond is forced to pay a judgment thereon in full, he may recover from each of his co-sureties a *pro rata* share of the sum so paid, with interest from time of payment.

2. The insolvency of one or more of them can not operate to increase the amounts recoverable against such as are financially good.

3. A judgment can not be proved by the judge's minutes and the testimony of the clerk, but by the official records alone.

[Opinion filed June 15, 1889.]

IN ERROR to the County Court of Massac County; the Hon. J. O. WILLIS, Judge, presiding.

Mr. C. L. V. MULKEY, for plaintiff in error.

The court below erred in admitting in evidence the judge's minutes in case of Barnes v. McCammon and Bruner. These minutes were offered as a substitute for the record of the judgment itself in that case, and as such were improper and inadmissible. That they were offered as a substitute for such record, and with the ultimate purpose of establishing the liability of appellant as a co-surety with appellee, clearly appears from the fact that the absence of the record itself was sought to be accounted for by calling to the witness stand Circuit Clerk Curtis, who testified that "the formal record of the judgment in the case of Barnes v. Bruner had not been made up yet." The minutes of a court are not a record nor any part of a record, but mere memoranda to guide a clerk in making up the record. They have no probative force in a proceeding of this character and should never have been admitted as evidence in the case. McCormick v. Wheeler, Mellick & Co., 36 Ill. 114; Sattler v. The People, 59 Ill. 69.

Again, assuming for the present purpose that the court below was justified under the evidence in finding Moore to be a co-surety with appellee and the other two sureties on the bond of George W. McCammon, it had no right, in the face of the authorities cited below, to render a judgment against him for more than one-fourth of the amount of their joint indebtedness, or $129.72½. Chitty on Contracts, Fifth Ed., 584; Bouvier's Law Dictionary, 308; Bispham's Prin. Equity, 206; Parsons on Contracts, 35; Brandt on Suretyship, 340.

The doctrine is well settled that at law a co-surety is compellable only to contribute his *pro rata* proportion in the discharge of an obligation of this character; and this proportion is based on the entire number of sureties originally bound, and without reference to the fact that one or more of them may have subsequently died or become insolvent. In equity the rule is different—the burden of the debt being divided among the solvent sureties. A county court is not a court

of equity. Nor has it any power, except perhaps in certain special cases, to adjust the strictly and purely equitable rights of parties who litigate before it.

Messrs. COURTNEY & HELM, for defendant in error.

GREEN, P. J. It is averred in the declaration in this case that plaintiff, Bruner, and Moore, the defendant, together with McCammon and Gray, became sureties on the bond of the guardian of Barnes; that the guardian died owing his ward, and afterward judgment was rendered in Massac Probate Court against the estate of the guardian in favor of the ward for $500, but the estate being insolvent no part of this judgment was paid; that afterward suit was brought in the Massac Circuit Court upon the bond against Bruner and McCammon, and judgment was there recovered against them for $500 and costs; that McCammon is insolvent and Gray died insolvent; that plaintiff Bruner discharged said judgment in full, wherefore defendant became liable to pay him $269.45 by way of contribution. A count for money paid out by plaintiff for defendant is added. The cause was tried by the court. Judgment was rendered in favor of the plaintiff for $260 and costs, to reverse which defendant sued out this writ of error.

The cause of action set out in this declaration, is the payment made by Bruner in satisfaction of the judgment recovered against himself and McCammon as sureties upon said guardian's bond, *one-half* of which amount so paid, instead of one-fourth, Bruner insists is the proportion plaintiff in error as a co-surety is legally liable to contribute, because of the insolvency of the two other co-sureties, McCammon and Gray. This was the view of the trial court and in accordance therewith the judgment against plaintiff in error was rendered. The court erred in so holding. At law the amount of damages which plaintiff was entitled to recover from defendant as a co-surety was one-fourth of the whole debt paid, with interest from the time of payment. There were four sureties, each of whom, as between themselves,

Moore v. Bruner.

became liable at law to contribute an aliquot portion of the sum paid by Bruner, and this aliquot portion is to be ascertained upon the basis of the number of sureties, without regard to their solvency. Such we understand to be the law in this State.

It is said in the opinion in Sloo v. Pool, 15 Ill. 48, " Sureties are individually liable to the creditor, but one is as much bound to discharge the debt as another. If the creditor endeavors to enforce payment from them, it is, as between themselves, the duty of each to pay an aliquot portion of the debt. If that is not done, and one is compelled to pay the whole, he is entitled to contribution from the others in the same proportion. The law implies an agreement between them when they become responsible to the creditor, that if one shall be compelled to pay the debt the others will contribute so as to make the burden equal. If one pays the whole debt he has a cause of action against the others to recover their just proportion, as so much money paid to their use. His right to contribution is complete as soon as he pays the debt, and he may at once call on his co-sureties to bear the common burden with him. At law he can not sue two or more jointly, but he must sue each separately, and he can only recover from one an aliquot portion of the debt, to be ascertained by the number of sureties, without regard to their solvency. In equity, if one is insolvent the loss is apportioned among the others." In 1 Parsons on Cont., 35, the rule is stated thus: " At law a surety can recover from his co-surety only that co-surety's aliquot part, calculated upon the whole number, without reference to the insolvency of either of the co-sureties, but in equity it is otherwise." We have examined the case of Golden v. Brand, 75 Ill. 148, cited on behalf of appellee, and do not understand the court either did, or intended to, abrogate or modify the rule announced in Sloo v. Pool, *supra.*

The trial court erred also in admitting, over the objection of defendant, the minutes made by the judge and the testimony of the clerk, as competent evidence to establish the material averment that a judgment had been rendered against

Bruner and McCammon. A judgment must be proved by the record itself and not by the judge's minutes made upon his docket for his own convenience, and as a direction to the clerk in making up the record. These minutes, supplemented by the oral testimony of the clerk, can not be accepted as a substitute for the official records of the court kept by an officer appointed by the law for that purpose and importing absolute verity. Freeman on Judg'ts, Chap. 2, Sec. 52; McCormick v. Wheeler, Mellick & Co., 36 Ill. 115; Martin v. Barnhardt, 39 Ill. 2; Church v. English, 81 Ill. 442.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*