### Ella M. Porter, Adm'x, v. Anna R. Horton.

1.  CONTRIBUTION—*Co-sureties, at Common Law.*—A co-surety, who has been obliged to satisfy the joint liability of the several sureties, may recover at common law, and under the common counts, the amount due by way of contribution from each co-surety.

2.  BILL OF PARTICULARS—*Its Purpose.*—The bill of particulars operates in practice merely to give a proper notification to the adverse party

of the nature and grounds of the claim to be presented, and must not be made the instrument of the injustice which it is intended to prevent.

3. SAME—*Limits the Right of Recovery.*—A bill of particulars limits the right of recovery to the grounds therein specified.

Assumpsit, on a contract of indemnity. Trial in the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this Court at the October term, 1898. Reversed and remanded. Opinion filed March 16, 1899.

Copy of agreement referred to in the opinion of the Court:

"CHICAGO, Ills., Jan. 26, 1888.
*Geo. M. Porter, Esq., City.*

"DEAR SIR: If you prove to be accepted as bondsman for F. L. Horton and will go on his bond for the sum of fifteen hundred, I will also go on the same bond jointly with you. I will hereby agree to hold you harmless in any event on said bond; I am the owner of the property, house, lot and furniture, at 3248 Graves Place, Chicago, worth, clear of incumbrance, the sum of $5,000. I will in addition, pay you, as soon as Mr. Horton receives the loan on his contract, for which this bond is to cover, all my indebtedness to you for groceries to date, and thereafter pay each week for all groceries got thereafter, besides which Mr. Horton will pay at once twenty-five dollars for the accommodation of using your credit on said bond."

(Signed)    MRS. ANNA R. HORTON."

On April 7, 1888, Frederick L. Horton executed a bond for $1,500 to D. Appleton & Co., and Anna R. Horton, his wife (appellee), and George M. Porter (intestate of appellant), executed the bond as sureties. Appleton & Co. recovered $942.58 in a suit on the bond against the principal, Frederick L. Horton, and George M. Porter, one of the sureties. George M. Porter, the surety, paid the judgment. This suit was brought by his administratrix to recover of Anna R. Horton, the other surety, on account of such payment. Anna R. Horton, appellee, wrote to George M. Porter on January 26, 1888, to the effect that if he, Porter,

would sign her husband's bond she would indemnify him for any loss thereby sustained.

In the suit here, appellant, as administratrix of the estate of George M. Porter, deceased, sought to recover, upon this agreement to indemnify, the whole amount for which her intestate was held liable as a surety on the bond, and filed a special count in her declaration counting upon such agreement. She also filed the common counts. A copy of the written agreement to indemnify was filed with the declaration.

Before trial appellee obtained a rule upon appellant to file a bill of particulars. In compliance with the rule the following was filed as a bill of particulars; it is not shown by the abstract, but appears in the supplemental record :

"September 25, 1891, to payment by Geo. M. Porter in his lifetime to D. Appleton & Co. of the judgment obtained against Frederick L. Horton and Geo. M. Porter, in case in the Circuit Court, having general number 71,162, obtained July 18, 1891, for $942.58 and $21.85 costs, with interest at six per cent from the date of judgment until September 25, 1891, under the circumstances alleged in said declaration, and interest upon such amount, which amounts to the sum of $973.20 and interest upon such amount at five per cent."

At the trial the issue of facts was contested as to whether the letter, by which appellee agreed to indemnify Porter, was written in relation to this bond or another bond which Porter had executed for the same parties to a different obligee. The jury determined that the letter was written, and the agreement to indemnify thereby made was given in relation to the other and not to this bond. Counsel for appellant concedes that this finding by the jury was warranted by the evidence and is determinative of the right to recover upon the special agreement to indemnify. But counsel for appellant asked for instructions to the jury, not only upon the theory of a right to recover under the special count upon the agreement to indemnify, but as well upon the theory of a right to recover one-half of the amount paid by appellant's intestate in satisfaction of the bond, under the common counts, and upon a theory of right of contribu-

tion only.   The instructions bearing upon a right to recover under the special count were given.   Those relating only to a right to recover under the common counts were refused. Frederick L. Horton was permitted to testify, over the objection of appellant, to transactions had by himself with Porter in his lifetime in relation to the execution of the bond.   The jury found the issues for appellee, the defendant below, and from a judgment upon that verdict this appeal is prosecuted.

CONSIDER H. WILLETT, attorney for appellant.

One of two sureties paying the debt of their principal can recover one-half of such payment from his co-surety on the ground of equality of burden and benefit.   24 Am. & Eng. Ency. 809; Klein v. Mather, 7 Ill. 317; Golsen v. Brand, 75 Ill. 148; Van Petten v. Richardson, 68 Mo. 379; Jeffries v. Ferguson, 87 Mo. 244; Van Winkle v. Johnson, 11 Or. 469; Wells v. Miller, 66 N. Y. 258; Young v. Shunk, 30 Minn. 505; Urbahn v. Martin, 46 S. W. R. (Tex.) 291; Deering v. Winchelsea, 2 Bos. & P. 270; Martin v. Frantz, 127 Pa. St. 389; Dupuy v. Johnson, 1 Bibb (Ky.), 562.

Frederick L. Horton, as the agent of the defendant, his wife, testified to acts and conversation of George M. Porter, now deceased, and upon such evidence the jury found the letter of January 26, 1888, did not relate to the Appelton & Co. bond.   Langley v. Dodsworth, 81 Ill. 86; Henry v. Tiffany, 5 Ill. App. 548; Berdan v. Allen, 10 Ill. App. 91; Wagenseller v. Prettyman, 12 Ill. App. 341; Hulburt v. Meeker, 104 Ill. 540; Trunkey v. Hedstrom, 131 Ill. 204.

BULKLEY, GRAY & MORE, attorneys for appellee.

The object of requiring the plaintiff to file a bill of particulars is to inform the defendant of the claim he is called upon to defend against, and its effect is to limit and restrict the plaintiff on the trial to proof of the particular acts or causes of action therein mentioned.   Waidner v. Pauley, 141 Ill. 442; Morton v. McClure, 22 Ill. 257; McDonald v. The People, 126 Ill. 150; Humphrey v. Phillips, 57 Ill. 132; Star Brewery Co. v. Farnsworth, 172 Ill. 247.

MR. JUSTICE SEARS delivered the opinion of the court.

But two questions are presented for consideration, viz.: the propriety of the ruling by the trial court refusing the instructions which related to a right of recovery under the common counts, and the admission of the testimony of Frederick L. Horton as to transactions with George M. Porter, appellant's intestate, in his lifetime, in relation to the subject-matter of the suit.

We think it clear that a co-surety, who has been obliged to satisfy the joint liability of the several sureties, may recover at common law and under the common counts the amount due by way of contribution from a co-surety. Sloo v. Pool, 15 Ill. 47; Golsen v. Brand, 75 Ill. 148; Harvey v. Drew, 82 Ill. 606; Odlin v. Greenleaf, 3 N. H. 270; Godall v. Wentworth, 20 Me. 322; Cowell v. Edwards, 2 Bos. & P. 267.

The only question, then, is as to whether the bill of particulars filed by appellant so limits her right of action by its specifications as to preclude her right to recover under the common counts upon the right to contribution from appellee.

We are of opinion that to so hold would be to give to the bill of particulars an unreasonably narrow and technical construction. The bill of particulars operates in practice merely to give a proper notification to the adverse party of the nature and grounds of the claims to be presented. It has served that purpose, if from it the litigants are apprised of that which they will have to meet. To give it any more technical effect would be to thwart the ends of justice.

In Millwood v. Walter, 2 Taunton, Chief Justice Mansfield said: "The bill of particulars must not be made the instrument of that injustice which it is intended to prevent."

It is well settled in this State, that a bill of particulars operates to limit the right of recovery to the grounds therein specified. Waidner v. Pauly, 141 Ill. 442; Star Brewery v. Farnsworth, 172 Ill. 247.

But we hold that here the recitals of the bill of particulars are broad enough to inform the appellee that appellant

sought to recover upon all her rights arising from the executing of the bond and the payment by her intestate of the sureties' liability thereunder.

There would seem from the record to be an undoubted right of appellant to a contribution by appellee. To deny that right upon the ground that this bill of particulars was insufficient to apprise appellee of the grounds of appellant's right to a recovery, would be, as we view it, a straining of technical rules to accomplish an injustice.

The remaining question is as to the ruling of the trial court in admitting the testimony of Frederick L. Horton as to transactions had with appellant's intestate in relation to the executing of the bond here in question.

We are inclined to view the evidence given by Horton as competent and properly admitted. But the admission of it is a matter of no importance, for there was no conflict in the evidence as to the fact that the agreement to indemnify was given in connection with the Upton bond, and not in relation to the bond here. If all the evidence of Horton were stricken out, it would in no way affect the conclusion which the jury must have reached from the undisputed evidence in the case in relation to the agreement to indemnify.

Because of the refusal of the trial court to instruct the jury as to appellant's right to recover under the common counts by way of contribution, the judgment is reversed and the cause remanded.