SOPHRONIA A. SLEDGE, Appellee, *vs.* MARY C. DOBBS *et al.* Appellants.

*Opinion filed April 18, 1912.*

1. REDEMPTION—*judgment creditor acquires only the judgment debtor's title.* Where the husband and wife are tenants in common and execute a note and mortgage,—the wife signing the note as surety for the husband,—and the mortgage is foreclosed, a judgment creditor of the husband only acquires the husband's interest on redeeming from the foreclosure sale.

2. SAME—*when wife is not liable to contribute portion of redemption money.* Judgment creditors of the husband who redeem from the foreclosure of a mortgage upon land in which the husband and wife were tenants in common do not acquire the wife's interest in the land, where the note and mortgage which she signed were given to secure money borrowed by the husband to pay his individual debts; and while the redemption frees the wife's interest from any lien on account of the mortgage sale, it does not raise any liability on her part to contribute to the payment of the redemption money as a condition to having the deeds issued under the redemption set aside as a cloud upon her title.

APPEAL from the Circuit Court of Jefferson county; the Hon. WILLIAM H. GREEN, Judge, presiding.

ALBERT WATSON, WILLIAM T. PACE, and JOEL F. WATSON, for appellants.

THOMPSON & THOMPSON, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellee, Sophronia A. Sledge, filed her bill in the circuit court of Jefferson county claiming to be the owner of certain lands in fee simple therein described, and praying that certain clouds upon her title be removed and that defendants be enjoined from interfering with her possession of said lands.

Sophronia A. Sledge, the appellee, and her husband, Joseph J. Sledge, were the owners, as tenants in common, of

seventy acres of land, described as the north-west quarter of the south-west quarter, the west half of the north-east quarter of the south-west quarter, and the south-east quarter of the north-east quarter of the south-west quarter, all in section 24, township 1, south, range 4, east of the third principal meridian, in Jefferson county, Illinois. Appellee owned the undivided four-sevenths and her husband the undivided three-sevenths of said land. On the second day of May, 1908, appellee and her husband executed a mortgage on forty acres of the land to U. G. Boster to secure a note for $600 signed by appellee's husband and herself, and on the same day they executed a mortgage on the other thirty acres of land to David Wright to secure a note payable to him for $400 signed by the appellee's husband and herself. These mortgages not having been paid were foreclosed in 1909 and the land was sold by the master in chancery by decree of the court. Boster purchased the forty-acre tract upon which he held the mortgage, for the debt and cost, and Wright purchased the thirty acres upon which he held a mortgage, for the debt and cost. No redemption was made from said sales by the appellee or her husband within the twelve months allowed to them for redemption. Ed Fry secured a judgment April 19, 1910, against Joseph J. Sledge for $38.86. He redeemed the forty-acre tract of the land as a judgment creditor, and at the sheriff's sale under the redemption bought said forty acres and received a sheriff's deed therefor. B. M. Hughes, a judgment creditor against Joseph J. Sledge in the sum of $87.59, redeemed from the mortgage sale the thirty acres. Successive redemptions of said thirty acres were made by other judgment creditors of Joseph J. Sledge, the last being J. B. Ellis, S. A. Blackburn and G. W. Holloway, who received a deed from the sheriff for said thirty acres of land. Fry made a conveyance of the forty acres to Mary C. Dobbs, who re-conveyed to Fry pending the suit, and they, together with Ellis, Blackburn and Holloway, were made defendants to the bill. They an-

swered the bill, claiming title by virtue of the redemption and sheriff's deeds and denied appellee's right to any of the relief prayed. Mary C. Dobbs filed a cross-bill, as did also Ellis, Blackburn and Holloway. The cross-bills alleged that appellee and her husband borrowed the money the mortgages were given to secure, from Boster and Wright; that upon their failure to redeem within twelve months from the foreclosure sales, redemption was made by judgment creditors, through which cross-complainants obtained sheriff's deeds for said lands. The cross-bills alleged that appellee's four-sevenths interest in the seventy acres of land was relieved of the mortgage indebtedness by the redemption, and prayed that if cross-complainants' title be held invalid, the appellee be decreed to pay to them four-sevenths of the amount paid to redeem the land from the foreclosure sales, and that the same be decreed to be a lien upon appellee's interest in the seventy acres of land. The answer of appellee to the cross-bills averred that the notes the mortgages were given to secure were for money borrowed by the appellee's husband to pay his own individual debts; that appellee was not aware that she signed the notes, but if she did, it was as surety for her husband, and she denied her liability to make contribution to cross-complainants. A hearing was had before the chancellor and a decree entered dismissing the cross-bills and setting aside, as clouds upon appellee's title, the deeds executed by the sheriff under redemption sales, and the deeds from Fry to Mary C. Dobbs and from Mary C. Dobbs to Fry, and perpetually enjoining appellants from interfering with appellee's possession. From that decree defendants below have prosecuted this appeal.

It is very clear that a judgment creditor of Joseph J. Sledge could not, by redemption from the mortgage sale, and a re-sale, acquire any title to the land except such title as Joseph J. Sledge had therein. (*Schroeder* v. *Bozarth,* 224 Ill. 310, and cases cited.) We do not understand appellants to now insist that they acquired appellee's title by

redeeming from the mortgage sales and re-selling the premises under judgments against her husband to which she was not a party, but it is insisted that the mortgage indebtedness was appellee's as well as her husband's; that by the redemption from the mortgage sales appellee's indebtedness was paid and discharged, her interest in the land relieved from any liability on account of said mortgage sales, and that she is in equity bound to contribute four-sevenths of the amount of money paid to redeem, and her right to the relief prayed was dependent upon her making such contribution. The decree finds, and the finding is supported by the proof, that the appellee was a surety, only, on the notes given to Boster and Wright and secured by mortgages; that the money obtained on said notes was used by appellee's husband to discharge his individual indebtedness and that no part of said mortgage indebtedness was for the personal debt of appellee. We do not think the facts of this case bring it within the rule that would entitle appellants to contribution from appellee. There was no obligation upon the judgment creditors of Joseph J. Sledge, of any character, to redeem appellee's land from the mortgage sales. It is true, if they redeemed at all they were required to pay the whole amount the land sold for, and this would free appellee's interest from any lien on account of said mortgage sales, but this created no obligation on the part of the judgment creditors to make the redemption. The purpose of the judgment creditors in making the redemption was to acquire title to appellee's land and not to discharge her debt, which they were under no obligation, legally or morally, to pay.

The appellants contend that the right of contribution is founded upon principles of natural justice and does not arise out of any contract or relation existing between the parties. Strictly speaking, the right of contribution does not arise out of a contract. It rests upon the principle that where all are equally liable for the payment of a debt, all

are bound equally to contribute to that purpose. (*Aspin-wall* v. *Sacchi,* 57 N. Y. 331.) The rule was stated in *Golsen* v. *Brand,* 75 Ill. 148, in the following language: "The right to contribution does not arise out of any contract or agreement between co-sureties to indemnify each other, but on the principle of equity, which courts of law enforce, that where two persons are subject to a common burden it shall be borne equally between them." The redemption money was not paid to redeem the land from a common burden of the redeeming judgment creditors and appellee. The judgment creditors had the privilege of making the redemption for the purpose of securing the interest of Joseph J. Sledge in the land, but they could not, in addition to that, raise a liability upon the part of appellee to contribute to the payment of the redemption money.

The decree is affirmed.

*Decree affirmed.*