**Vance L. Fraley, Administrator Pro-Tem of the Estate of Joe E. Boyd, Deceased, Plaintiff-Appellee, v. Josephine Boyd, Defendant-Appellant.**

Gen. No. 66–94.

Fifth District.

May 2, 1967.

Gates W. Clancy, of Geneva (Wendell W. Clancy, of counsel), for appellant.

Daniel G. Reese and Hershey & Bliss, of Taylorville (Richard G. Hershey, of counsel), for appellee.

MORAN, P. J.

This is an appeal from a judgment of the Circuit Court of Christian County, Illinois, entered for the plaintiff-administrator in an action to recover contribution on a note paid by the estate.

On December 12, 1958, Joe E. Boyd and Josephine Boyd, his wife, signed as co-makers a $60,000 renewal note, payable in one year. Thirteen days later, Joe E. Boyd died. Joe C. Boyd, the son, and Josephine Boyd, the widow, were appointed coexecutors of his estate. After a dispute arose over the settlement of the estate, Mrs. Boyd, her attorney, and the attorney for the estate met and agreed upon an arrangement wherein certain promises were exchanged. On September 6, 1960, the note in question was paid in full with a check signed by Josephine Boyd and Joe C. Boyd as coexecutors of the estate.

On July 26, 1962, Joe C. Boyd and others filed a complaint against Josephine Boyd alleging that, in the arrangement for the settlement of her husband's estate, she had contracted orally to pay $15,000 to the estate. The complaint prayed for $15,000 and costs. In that suit the plaintiff contended that an oral contract to settle the estate, consisting of multiple parts, was made between the coexecutor and the widow; that the covenants and promises were independent of each other; that one of the things the widow had contracted to do was to pay the

estate $15,000; and that since the contract was divisible, suit would lie for the default in performance of that part.

Defendants contended (1) that the arrangement resulted only in preliminary negotiations and no contract was made; and (2) that if there were a contract, the plaintiffs could not recover because the contract was indivisible and plaintiffs, themselves, did not perform their independent promises.

A jury found for the plaintiffs but the trial court granted the defendant's post-trial motion and entered judgment for the defendant, Mrs. Boyd. On appeal, the Appellate Court for the Fifth District, 51 Ill App2d 220, 201 NE2d 244, found that "the record discloses . . . that the fruits of the conference was (sic) a contractual formula for the closing of the Joe E. Boyd estate," and that both parties were in default. The court affirmed the action of the trial court, saying, "we necessarily conclude that the enforcement of this contract is for another forum and another day and that the piecemeal enforcement of the contract is inappropriate. . . ."

On June 10, 1965, the administrator pro tem of the estate of Joe E. Boyd filed this present suit, seeking contribution from Josephine Boyd as co-obligor of the note paid by the estate. In her Second Affirmative Defense, Mrs. Boyd prayed that the complaint be dismissed, alleging:

1. This matter has been finally adjudicated by the case of (Boyd v. Boyd) in the Circuit Court for the Fourth Judicial Circuit, Christian County, Illinois, appealed to the Appellate Court of Illinois for the Third District, No. 10490.

2. The litigation referred to in paragraph one, involved the same parties, and arose from the same event or series of events upon which the instant complaint is drawn.

A jury found for the plaintiff and the trial court entered judgment accordingly.

The issue on this appeal is whether the prior judgment bars plaintiff's action in the present suit.

 A judgment cannot be pleaded in bar of a subsequent action unless it is a final judgment on the merits, adjudicating the rights in litigation in a conclusive and definite manner. People v. Board of Education Pawnee Tp. High School, 350 Ill 597 at 601, 183 NE 633. A judgment is on the merits when it amounts to a decision as to the respective rights and disabilities of the parties based on the ultimate facts or state of facts disclosed by the pleadings or evidence, or both, and on which the right of recovery depends, irrespective of formal, technical or dilatory objections or contentions. Lytton v. Cole, 54 Ill App2d 161, 203 NE2d 590; 50 CJS, Judgments, § 627. Where a judgment is rendered in favor of the defendant because the plaintiff seeks a form of remedy which is not available to him, the judgment is not on the merits and the plaintiff is not precluded from subsequently maintaining an action in which he seeks an available remedy. Restatement of the Law of Contracts, par 383; Corbin on Contracts, vol 5A, c 6, par 1225; Freeman on Judgments, vol 2, par 734; Restatement of the law, Former Adjudication, par 65, subpar 2. Since the plaintiff sought a remedy which was not available to him in the prior case, the prior adjudication was not a judgment on the merits and does not bar the present action.

██ ██ Since the cause of action in the present case and the cause of action in the prior case are different and since the defendant has not proved that the precise question raised and determined in the present case was decided in the prior case, she is also precluded from relying upon an "estoppel by verdict." The prior suit was based upon the theory that there was an express con-

tract. The present suit is based upon the theory of contribution which, strictly speaking, does not arise out of a contract but rests upon the principle that where all are liable for the payment of the debt, all are bound equally to contribute. Sledge v. Dobbs, 254 Ill 130 at 133 and 134, 98 NE 243.

 When the second action between the same parties is upon a different cause of action, claim or demand, it is well settled that the judgment in the first suit operates as an estoppel only as to the point or question actually litigated and determined and not as to other matters which might have been litigated and determined. In such cases the inquiry must always be as to the point or question actually litigated and determined in the original action, the burden of proof is on him who invokes the estoppel, and extrinsic and parol evidence is admissible to prove that the precise question in the second case was raised and determined in the first. (Chicago v. Cameron, 120 Ill 447, 11 NE 899; Wright v. Griffey, 147 Ill 496, 35 NE 732; Hanna v. Read, 102 Ill 596; Sawyer v. Nelson, 160 Ill 629, 43 NE 728; Young v. People, 171 Ill 299, 49 NE 503; Stone v. Salisbury, 209 Ill 56, 70 NE 605.) This principle is sometimes called estoppel by verdict, and the estoppel is equally available to either party, the plaintiff in support of his action or the defendant of his defense, when the circumstances warrant it. Harding Co. v. Harding, supra, at 427.

 The burden is upon the party who relies upon res judicata or collateral estoppel to establish its applicability. Chicago Historical Society v. Paschen, 9 Ill 2d 378 at 382, 137 NE2d 832. Defendant has not sustained this burden, for nowhere has she proved that any precise question in the present case was raised and determined in the prior case. She argues in her brief that plaintiff is bound by a construction of the contract in question in the prior adjudication, but nowhere in the

lower court did she prove that the construction of the contract in the prior case and any question in the present case were one and the same. In addition, nowhere did she indicate that she, herself, relied upon or was bound by the contract which she now seeks to benefit from.

Under these circumstances, we believe that the defendant has failed to meet her burden of showing that the former adjudication necessarily involved the determination of the same issues which appear on the present case. Accordingly, the judgment of the trial court must be affirmed.

Judgment affirmed.

EBERSPACHER and GOLDENHERSH, JJ., concur.