KATHLEEN O'MALLEY BIRK, Plaintiff-Appellee, v. ROBERT ALAN BIRK, Defendant-Appellant.

First District (4th Division)    No. 79-1960

Opinion filed January 29, 1981.

James L. Garretson, of Chicago, for appellant.

Kalcheim & Kalcheim, of Chicago, for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Kathleen O'Malley Birk, filed suit against Robert Alan Birk, her husband, on December 3, 1976. The case ended with a judgment dissolving the marriage. The judgment included an agreement as to custody of their minor child as well as the award and distribution of property. The agreement did not include the disposition of items of personal property consisting of jewelry and other heirlooms. The trial court reserved ruling on the award of outstanding property until further hearing.

Although a hearing was set for January 17, 1977, both parties

appeared in court on December 17, 1976. Plaintiff had filed a petition requesting a rule to show cause why defendant should not be held in contempt of court for his failure to comply with the judgment. Defendant filed an answer stating that he should not be required to turn over certain stocks or pay any money to plaintiff until the issue of the award of personal property was resolved. Following the hearing occasioned by plaintiff's petition, the trial court directed that an order be prepared and entered disposing of the personal property.

In May 1978, defendant filed a petition requesting the court to hold a hearing and determine the parties' respective rights and interests in the personal property. He argued that the original order of December 17, 1976, was missing from the official court file.

In February 1979, a full hearing was conducted. Plaintiff's attorney, who had represented her from the beginning of the case, was present. A newly retained attorney appeared on behalf of defendant. Plaintiff produced and displayed to the court the report of proceedings from December 17, 1976, and a stamped copy of the resulting order. As well, the attorney who had appeared on December 17, 1976, for defendant was called as a witness and testified that the order was, in fact, handed to the court and entered. On July 23, 1979, the trial court entered an order denying the relief requested and authorizing the filing of a petition for restoration of the original order of December 17, 1976.

On August 17, 1979, a petition for restoration was filed by plaintiff. At the same time, defendant filed a motion to vacate the court's previous order, arguing that the December 17, 1976, order was never entered and even if it was entered there was no hearing or evidence upon which to base the order. The trial court granted restoration of the original order and denied the motion to vacate. Defendant appeals from those decisions.

We affirm the trial court.

On appeal, defendant raises the issues of (1) whether the trial court can enter a valid order without a hearing or agreement between the parties as to substantive issues, and (2) whether the trial court has the authority to order a restoration of an order where there is no notation of its existence on record.

It appears from the record that the trial court did issue an order on December 17, 1976, based upon facts agreed upon by both parties. The trial court's disposition of the case is best taken from the record of proceedings of December 17, 1976, and the copy of the restored order.

Counsel for plaintiff offered to stand by a ruling with regard to the personal property *without further testimony*. He stated he thought the court had heard both sides of the argument regarding the award of the personal property. Counsel for defendant responded affirmatively, saying, "* * * yes, it's got to be done over with instead of coming back and wasting your [the court's] time."

After counsel for plaintiff stated he had no more to offer, defendant's attorney said: "I think basically both of us have said everything that would be the summation of the testimony in this case." The court then ordered that plaintiff select one-half of the property and turn over the other one-half to defendant. However, both parties were to retain the property for the benefit of the children. Defendant's attorney responded to this order, saying, "I do not agree with it, *but I have your order.*" (Emphasis added.)

The trial court, in explaining its order, stated:

> "I think this will not hurt either of the parties. It will preserve the nature of the property and that is the important thing. These children will be the beneficiaries of all this property no matter what."

The court made it clear that neither party was to sell, transfer or otherwise dispose of the subject items during the course of their respective lifetimes. That intent is clearly expressed in the restored order.

We find the order of December 17, 1976 valid, supported by the record, and to have been a judgment on the merits of the personal property issue. We so find because the order was a decision based on facts agreed upon by the parties through their respective attorneys. (See *Fraley v. Boyd* (1967), 83 Ill. App. 2d 98, 226 N.E.2d 81; *Howard T. Fisher & Associates, Inc. v. Shinner Realty Co.* (1960), 24 Ill. App. 2d 216, 164 N.E.2d 266.) Furthermore, both parties indicated, for the record, that there were no additional facts to be placed before the court. Further hearing is not warranted, and there is no need to disturb the judgment of the trial court regarding the December 1976 order.

Finally, section 3 of "An Act to provide for the restoration of court records which have been lost or destroyed" (Ill. Rev. Stat. 1977, ch. 116, par. 3) states:

> "In case of the destruction by fire or otherwise of the records, or any part thereof, of any circuit court, the judge of any such court may proceed upon his own motion, or upon application in writing of any party in interest, to restore the records * * *."

Our reading of the statute does not preclude restoration of records even where, as here, there is no notation in the court file, in the docket book, or in the clerk's minute book. Authenticity is a matter left, ultimately, to the trier of fact, and there need be no additional memorandum referring to the original document sought to be restored.

For the aforesaid reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

ROMITI, P. J., and LINN, J., concur.