SIXTH DIVISION
March 31, 2011

No. 1-09-2484

| | | |
|---|---|---|
| GAZI H. MASHAL., Indiv., and in a Representative Capacity on Behalf of All Those Similarly Situated, | ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiff-Appellant, | ) | |
| v. | ) ) | |
| THE CITY OF CHICAGO; TERRY G. HILLARD, Not Indiv., but as Superintendent of the Chicago Police Department; CAROLINE O. SHOENBERGER, Not Indiv., but as Commissioner of the City of Chicago Department of Consumer Services; and BEA REYNA-HICKEY, Not Indiv., but as Director of the City of Chicago Department of Revenue, | ) ) ) ) ) ) ) ) | No. 00 CH 013396 |
| Defendants-Appellees. | ) ) ) | Honorable Stuart E. Palmer, Judge Presiding. |

JUSTICE CAHILL delivered the judgment of the court, with opinion.
Presiding Justice Garcia and Justice McBride concurred in the judgment and opinion.

**O P I N I O N**

In this appeal, we respond to a supervisory order entered by the supreme court directing us to answer four certified questions under Illinois Supreme Court Rule 308 (eff. Feb. 26, 2010). We first set out verbatim the four certified questions contained in the order:

"A. What is a 'decision on the merits' under [section 2-802 of the Code of Civil Procedure (Code) (735 ILCS 5/2-802 (West 2004))] that would preclude the entry of a class decertification order.

B. Whether, in a class action case challenging defendants' practice of

issuing parking or standing violations to taxicab drivers and others by mail and without any personal service on the driver or placement of the citation on the offending vehicle, a prior Judge's ruling that the defendants' 'practice of sending a second notice of a parking or standing violation prior to an initial notice being either hand delivered to the driver of the vehicle or affixed to the vehicle is violative of the plain language of the [operative] statute and the ordinances' constitutes a decision on the merits under [section 2-802 of the Code] such that a subsequent Judge presiding in the case lacks the authority to decertify the class.

C. Whether, in a class action case challenging defendants' practice of issuing parking or standing violations to taxicab drivers and others by mail and without any personal service on the driver or placement of the citation on the offending vehicle, a prior Judge's ruling that denied the defendants' motion for partial summary judgment on the application of their affirmative defenses of failure to exhaust administrative remedies, *res judicata*, the collateral attack doctrine, and the voluntary payment doctrine constitutes a decision on the merits under [section 2-802] such that a subsequent Judge presiding in the case lacks the authority to decertify the class.

D. Whether, in a class action case challenging defendants' practice of issuing parking or standing violations to taxicab drivers and others by mail and without any personal service on the driver or placement of the citation on the offending vehicle, a Judge's ruling that granted in part the defendants' motion for summary judgment on the application of the statute of limitations constitutes a

2

decision on the merits under [section 2-802] such that a subsequent Judge presiding in the case lacks the authority to decertify the class."

In answering the first question we conclude that for a decision to be "on the merits" under section 2-802 there must be a complete determination of liability on a claim, based on the facts disclosed by the evidence. We answer the second question in the negative: the grant of partial summary judgment in favor of plaintiff in this case did not completely determine the liability on a claim based on the facts disclosed in evidence. We answer the third question in the negative: the court did not render a "decision on the merits" when it denied defendants' motion for partial summary judgment on their affirmative defenses because the court made no determination of liability. We answer the fourth question in the negative: the partial summary judgment ruling on the statute of limitations was not a decision on the merits because it did not determine liability as to the remaining members of the class.

This case arises from a class action lawsuit filed in 2000 by plaintiff Gazi Mashal against the City of Chicago (City). Mashal worked as a Chicago taxi driver and challenged the City's practice of issuing "fly-by" traffic citations to taxicab drivers and others. "Fly-by" traffic citations are described in the pleadings as those allegedly received by mail, without personal service on the driver or placement of the citation on the offending vehicle. The circuit court entered a class certification order in 2002.

In March 2005, plaintiff filed a motion for partial summary judgment on the City's liability for issuing the citations. Among other claims, plaintiff argued that the City's practice violated the Illinois Vehicle Code (625 ILCS 5/11-208.3(b)(3), (b)(5)(i) (West 2004)) and the Municipal Code

of Chicago (Chicago Municipal Code §9—100—030(b) (amended Feb. 10, 2009); §9—100—050(d) (amended Dec. 7, 2005)). In July 2005, the City also filed a motion for summary judgment. The City argued that plaintiffs were barred from litigating their claims because they failed to first challenge the citations at the department of administrative hearings. The City also argued that the claims were barred by *res judicata*, collateral estoppel, the voluntary payment doctrine and failure to exhaust administrative remedies. The court found that the practice of issuing the "fly-by" citations was illegal under the Illinois Vehicle Code and Chicago Municipal Code, granted plaintiff's motion for partial summary judgment and denied the City's motion for summary judgment. Some time passed, without explanation in the record.

In 2006, the City filed a motion for partial summary judgment on the affirmative defense of the statute of limitations. The City contended that the one-year statute of limitations in section 8-101 of the Local Governmental and Governmental Employees Tort Immunity Act (745 ILCS 10/8-101 (West 2006)) applied to bar certain claims, and in the alternative, the five-year limitation period in section 13-205 of the Code (735 ILCS 5/13-205 (West 2006)) applied. Judge Richard Siebel, who had handled the case up to that point, retired and was replaced by Judge Stuart Palmer. Judge Palmer found that the five-year statute of limitations applied and held that all claims before September 13, 1995, were barred. Again considerable time passed without explanation in the record.

In January 2007, the City moved to decertify the class, arguing that the case no longer satisfied the requirements for class certification. Specifically, the City contended that Judge Siebel's ruling that the "fly-by" practice was illegal resolved the common issues in the case, such

that class certification was no longer warranted. Judge Palmer granted the City's motion in July 2008.

Plaintiff filed a motion under Illinois Supreme Court Rule 308 (eff. Feb. 26, 2010) to certify a question for interlocutory review: whether the court's order granting plaintiff partial summary judgement was a "decision on the merits" such that a subsequent judge lacked authority under section 2-802 of the Code (735 ILCS 5/2-802 (West 2004)) to decertify the class. Plaintiff's motion was denied.

Plaintiff then filed a motion for a supervisory order with the Illinois Supreme Court, asking that the four questions above be certified. The supreme court entered a supervisory order directing the circuit court to certify the four questions for appeal and directing this court "to accept the appeal pursuant to Illinois Supreme Court Rule 308 and answer the certified questions." The circuit court certified the questions on September 9, 2009.

The first question is: "[w]hat is a 'decision on the merits' under [section 2-802] that would preclude the entry of a class decertification order?"

Section 2-802(a) of the Code states:

"As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it may be so maintained and describe those whom the courts finds to be members of the class. This order may be conditional and may be amended before a decision on the merits." 735 ILCS 5/2-802(a) (West 2004).

The parties agree that section 2-802 does not define "decision on the merits," and our research has not revealed an Illinois case specifically defining a "decision on the merits" in the

1-09-2484

context of section 2-802.

We review questions of statutory interpretation *de novo*. *People ex rel. Madigan v. Illinois Commerce Comm'n*, 231 Ill. 2d 370, 377, 899 N.E.2d 227 (2008). The primary purpose of our review is to give effect to the legislature's intent. *Hernon v. E.W. Corrigan Construction Co.*, 149 Ill. 2d 190, 194, 595 N.E.2d 561 (1992). When the language of a statute is unclear we will examine the "reason and necessity for the law, the evils sought to be remedied, and the purpose to be achieved." *In re Detention of Lieberman*, 201 Ill. 2d 300, 308, 776 N.E.2d 218 (2002).

The parties appear to agree that *res judicata* case law provides guidance in this case, equating "judgment on the merits" with "decision on the merits" in the context of section 2-802. The parties cite *Fraley v. Boyd*, 83 Ill. App. 2d 98, 102, 226 N.E.2d 81 (1967), where the court stated: "[a] judgment is on the merits when it amounts to a decision as to the respective rights and disabilities of the parties based on the ultimate facts or state of facts disclosed by the pleadings or evidence, or both, and on which the right of recovery depends, irrespective of formal, technical or dilatory objections or contentions."

But, the parties differ on the application of the definition to this case. Relying on our statement in *Rosolowski v. Clark Refining & Marketing*, 383 Ill. App. 3d 420, 426, 890 N.E.2d 1011 (2008), that "a 'decision on the merits' is something different than a final judgment," plaintiff urges us to adopt an expansive definition of "decision on the merits." Plaintiff asks us to define "decision on the merits" as a decision that "*concerns* the respective rights and liabilities of the parties based on the ultimate facts or state of facts disclosed by the pleadings or evidence, or both,

6

and on which the right of recovery depends, and regardless of whether the decision is in the context of awarding affirmative relief, such as by the granting of a motion to dismiss or a motion for summary judgment, or is in the context of denying such relief, as by denying these motions." (Emphasis added).

Where statutory language is unclear, we look to similar laws for guidance, even when the laws do not relate precisely to the same subject matter. *Wade v. City of North Chicago Police Pension Board*, 226 Ill. 2d 485, 511-12, 877 N.E.2d 1101 (2007). We agree that "judgment on the merits," as defined in *res judicata* case law, is analogous to a decision on the merits in the class action context. *Res judicata* and class actions are governed by principles of judicial efficiency: to ensure duplicative legal claims can be decided in a single judicial proceeding. See *Carey v. Neal, Cortina & Associates*, 216 Ill. App. 3d 51, 56, 576 N.E.2d 220 (1991) ("[t]he main purpose of *res judicata* is to avoid duplicative litigation between the same parties over the same matters"); *Process Color Plate Co., Inc. v. Chicago Urban Transportation District*, 125 Ill. App. 3d 885, 889, 466 N.E.2d 1033 (1984) ("primary purpose of [class action] is to avoid a multiplicity of lawsuits"). A "decision on the merits" and a "judgment on the merits" serve similar procedural functions: after a "decision on the merits" a court can no longer decertify a class, and after a "judgment on the merits" the court can no longer hear a claim. See *Munson v. Rinke*, 395 Ill. App. 3d 789, 794, 919 N.E.2d 438 (2009) (there must be a final judgment on the merits for *res judicata* to apply); *Rosolowski*, 383 Ill. App. 3d at 424 ("absence of a decision on the merits is the second prerequisite for [class] decertification"). Based on the similar contexts and purposes, we agree that a "decision on the merits" and a "judgment on the merits" should be similarly

7

interpreted. But, for the reasons below, we agree with defendants that a narrow definition of a "decision on the merits" is called for: there must be a complete determination of liability on a claim based on the facts disclosed by the evidence.

Where there are no Illinois cases addressing this issue in the class action context, we may look to federal law for guidance. See, *e.g., Copley Press, Inc. v. City of Springfield*, 266 Ill. App. 3d 421, 426, 639 N.E.2d 913 (1994). Our certification statute was patterned after an earlier version of Rule 23 of the Federal Rules of Civil Procedure, which allowed amendment and decertification after a "decision on the merits." Fed. R. Civ. P. 23; see *Rosolowski*, 383 Ill. App. 3d at 426. In an effort to reduce confusion, the term "final judgment" was substituted for "decision on the merits" in 2003. The federal advisory committee explained that the change was made because, "[f]ollowing a determination of liability *** proceedings to define the remedy may demonstrate the need to amend the class definition or subdivide the class." Fed. R. Civ. P. 23 advisory committee's notes. Under this reasoning, both a "decision on the merits" and a "final judgment" require "a determination of liability." But, unlike a "decision on the merits," a "final judgment" also requires a determination of remedies. See *Arangold Corp. v. Zehnder*, 187 Ill. 2d 341, 359, 718 N.E.2d 191, 201 (1999) (a final judgment is one where, " 'if affirmed, the only thing remaining is to proceed with the *execution* of the judgment' " (emphasis added)) (quoting *Flores v. Dugan*, 91 Ill.2d 108, 112, 435 N.E.2d 480 (1982)). This is authority that a "decision on the merits" under section 2-802 of the Code requires a full determination of liability but is something less than a final judgement requiring a determination of remedies.

The policies underlying class certification call for a narrow definition of a "decision on the

merits." Among other requirements, to certify a class a plaintiff must show that "there are questions of fact or law common to the class" that "predominate over any questions affecting only individual members" and "the class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801 (West 2004); *Smith v. Illinois Central R.R. Co.*, 223 Ill. 2d 441, 447, 860 N.E.2d 332 (2006). It would be unwise to compel a judge to adhere to his certification order if subsequent discovery established a lack of commonality on any other factor required to certify in the first place. See *People v. Jones*, 214 Ill. 2d 187, 199, 824 N.E.2d 239 (2005) (the legislature is presumed to act rationally).

Prohibiting decertification only after liability has been completely determined serves the purposes of certification in three ways. First, judges who have not made a complete determination of liability can avoid the judicial inefficiency inherent in making numerous individualized determinations in a single proceeding. See, *e.g.*, *Avery v. State Farm Mutual Automobile Insurance Co.*, 216 Ill. 2d 100, 138, 835 N.E.2d 801 (2005) (holding common issues did not predominate where court would have to examine hundreds of thousands of individual vehicles). Second, barring decertification after a final determination of liability ensures the court does not waste resources in making repeated liability determinations. Finally, barring class decertification only after a determination of liability ensures the parties can trust that the class will not be decertified after a right to recovery has been established. See *Rosolowski*, 383 Ill. App. 3d at 428 ("it makes no sense to take the case away from the plaintiffs in the end zone").

A narrow reading of "decision on the merits" also promotes the principal purposes of class action suits: efficiency and economy of litigation. See *Portwood v. Ford Motor Co.*, 183 Ill. 2d

9

459, 463-64, 701 N.E.2d 1102 (1998). "On the merits" in the context of section 2-802 must be read to allow the judge to decertify where he has jurisdiction to undo a previous order if necessary or where decertification does not prejudice any party who has benefitted by the previous order.

For the reasons stated above, we believe that for a decision to be "on the merits," there must be a complete determination of liability on a claim based on the facts disclosed by the evidence. This comports with our reasoning in *Rosolowski* that "a 'decision on the merits' is something different from a final judgment." *Rosolowski*, 383 Ill. App. 3d at 426.

The second certified question is: "Whether, in a class action case challenging defendants' practice of issuing parking or standing violations to taxicab drivers and others by mail and without any personal service on the driver or placement of the citation on the offending vehicle, a prior Judge's ruling that the defendants' 'practice of sending a second notice of a parking or standing violation prior to an initial notice being either hand delivered to the driver of the vehicle or affixed to the vehicle is violative of the plain language of the [operative] statute and the ordinances' constitutes a decision on the merits under [section 2-802 of the Code] such that a subsequent Judge presiding in the case lacks the authority to decertify the class."

Here, Judge Palmer noted that while Judge Siebel's December 9, 2005, memorandum opinion and order held that the "fly-by" violation notices violated the Illinois Vehicle Code and Chicago Municipal Code, "[t]he Court did not specifically find that such conduct occurred and if so, how often." Judge Palmer then quoted Judge Siebel's order: "[t]he Court makes no declaration as to the remaining issues for the reason that genuine issues of material fact exist as to the number of 'fly-by' tickets issued by the City during the relevant time period."

10

While the "predominant legal issue" had been decided, Judge Palmer made clear that there still remained "the determination of the highly contested issue of whether any of these citations, or at least which of these citations were issued in this manner." The court's order established the illegality of the fly-by ticketing practice in theory, but no finding was made that the City was actually liable to the members of the class and more remained to be decided than the determination of remedies. Based on this analysis, the grant of partial summary judgment in favor of plaintiff in this case was not a decision on the merits and did not preclude decertification. So we conclude that a grant of summary judgment is a decision on the merits only where it completely determines the liability on a claim based on the facts disclosed in evidence.

Plaintiff's reliance on *Lehman v. Continental Health Care, Ltd.*, 240 Ill. App. 3d 795, 608 N.E.2d 303 (1992), and *Fraley*, 83 Ill. App. 2d 98, 226 N.E.2d 81, is unpersuasive. *Lehman*'s holding that a dismissal for lack of subject matter jurisdiction has no *res judicata* effect is inapposite here. *Lehman*, 240 Ill. App. 3d at 802. The holding in *Fraley* that a defendant cannot use *res judicata* without proving that two actions litigated the same claim is similarly inapposite. *Fraley*, 83 Ill. App. 2d at 102. Although the language about "judgments on the merits" in both cases could be interpreted broadly, the application of the rules in the cases themselves do not support plaintiff's position. Where Judge Siebel's order did not determine the liability of the parties on any claim, we believe the correct answer to the second certified question is "no."

The third certified question is: "Whether, in a class action case challenging defendants' practice of issuing parking or standing violations to taxicab drivers and others by mail and without any personal service on the driver or placement of the citation on the offending vehicle, a prior

Judge's ruling that denied the defendants' motion for partial summary judgment on the application of their affirmative defenses of failure to exhaust administrative remedies, *res judicata*, the collateral attack doctrine, and the voluntary payment doctrine constitutes a decision on the merits under [section 2-802 of the Code] such that a subsequent Judge presiding in the case lacks the authority to decertify the class."

Plaintiff contends that Judge Siebel's order denying summary judgment on defendants' affirmative defenses was a decision on the merits because it "terminate[d] the litigation between the parties on the merits or dispose[d] of the rights of the parties, either on the entire controversy or a separate part thereof" and it "set[] or fixe[d] the rights of a party." (Internal quotation marks omitted.) *In re A.H.*, 207 Ill. 2d 590, 594, 802 N.E.2d 214 (2003) (quoting *In re Curtis B.*, 203 Ill. 2d 53, 59, 784 N.E.2d 219 (2002)). To support his contention, plaintiff points to Judge Siebel's statement that "the Court declar[es] that none of these affirmative defenses bars the claims raised by [plaintiff]."

But Judge Siebel's statement does not go as far as plaintiff would have it go. While the order may have removed defendants' ability to bar plaintiff's claim based on certain affirmative defenses, it did not affect defendants' ability to defend each of the claims on the merits. We believe that the court did not enter a "decision on the merits" when it denied defendants' motion for partial summary judgment on their affirmative defenses because the court made no finding of liability.

This analysis comports with public policy. If we adopted plaintiff's proposed application of the rule, other defendants might refrain from bringing meritorious motions for summary

judgment for fear that any decision by the judge would bar decertification. It would not make sense for class action procedures, which are intended to promote efficiency, to discourage meritorious summary judgment motions. See *Kahn v. First National Bank of Chicago*, 216 Ill. App. 3d 272, 275, 576 N.E.2d 321 (1991) ("summary judgment procedure is encouraged because it promotes efficient and economical use of the judicial system"). For these reasons, we answer the third certified question in the negative.

The fourth certified question is: "Whether, in a class action case challenging defendants' practice of issuing parking or standing violations to taxicab drivers and others by mail and without any personal service on the driver or placement of the citation on the offending vehicle, a Judge's ruling that granted in part the defendants' motion for summary judgment on the application of the statute of limitations constitutes a decision on the merits under [section 2-802 of the Code] such that a subsequent Judge presiding in the case lacks the authority to decertify the class."

Plaintiff contends that the partial grant of summary judgment on statute of limitations grounds was a decision on the merits and precluded class decertification. Plaintiff again cites to *In re A.H.*, this time for the proposition that "a judgment is considered final if it terminates the litigation between the parties on the merits or disposes of the rights of the parties, either on the entire controversy *or a separate part thereof*." (Emphasis added.) (Internal quotation marks omitted.) *In re A.H.*, 207 Ill. 2d at 594 (quoting *In re Curtis B.*, 203 Ill. 2d at 59). In attempting to apply this language to summary judgment on statute of limitations grounds, plaintiff confuses a "part" with a "party." Although a party may have an interest in the controversy, a party is not a "part of a controversy." The court's decision to dismiss some parties had no effect on

13

1-09-2484

determining defendants' liability to the remaining members of the class. Because the partial summary judgment ruling on the statute of limitations did not determine liability as to the remaining members of the class, we answer the fourth question in the negative.

Having answered the four certified questions, no other matters are properly before this court. See *People v. Pollution Control Board*, 129 Ill. App. 3d 958, 965, 473 N.E.2d 452 (1984) ("[a]n appeal [under Illinois Supreme Court Rule 308] should be limited to the question certified by the trial court").

For the foregoing reasons, we remand this case.

Certified questions answered; cause remanded.