(No. 92010.—

*In re* CURTIS B., a Minor (The People of the State of Illinois, Appellee, v. Leola B. *et al.*, Appellants).

*Opinion filed September 19, 2002.—Modified on denial of rehearing February 3, 2003.*

RARICK, J., took no part.

Rita A. Fry, Public Defender, of Chicago (Eileen T. Pahl, Assistant Public Defender, of counsel), for appellant.

James E. Ryan, Attorney General, of Springfield, and Richard A. Devine, State's Attorney, of Chicago (William L. Browers, Assistant Attorney General, of Chicago, and Renee Goldfarb, Kenneth T. McCurry, Nancy Grauer Kisicki and Nancy Faulls, Assistant State's Attorneys, of counsel), for the People.

Patrick T. Murphy, Charles P. Golbert and Kristin N. Wuerffel, of the Office of the Public Guardian of Cook County, of Chicago, for the minor.

CHIEF JUSTICE McMORROW delivered the opinion of the court:

Section 2—28(3) of the Juvenile Court Act of 1987 (Act) (705 ILCS 405/2—28(3) (West 1998)) contains an appeal provision which states that permanency orders may be immediately appealed as a matter of right under Supreme Court Rule 304(b)(1) (155 Ill. 2d R. 304(b)(1)). At issue here is whether this appeal provision violates the separation of powers clause of the Illinois Constitution (Ill. Const. 1970, art. II, § 1).

## BACKGROUND

Reflecting the concern that a lack of permanency in a child's life can be harmful to the child's development, section 2—28 of the Act (705 ILCS 405/2—28 (West 1998)) requires that efforts be made to establish timely, permanent living arrangements for a child who has been made a ward of the circuit court. To this end, section 2—28(2) of the Act (705 ILCS 405/2—28(2) (West 1998)) mandates that "permanency hearings" be held on a regular basis to review the child's placement status. At the conclusion of a permanency hearing, pursuant to section 2—28(3) of the Act (705 ILCS 405/2—28(3) (West 1998)), a written order must be entered that sets forth a permanent placement goal for the child. By statute, eight permanency goals are available, ranging from the goal of returning the child home to terminating parental rights and seeking adoption. See 705 ILCS 405/2—28(2)(A) through (2)(G) (West 1998).

In July 1999, the circuit court of Cook County conducted a permanency hearing for the minor in this case, Curtis B. At the close of the hearing, the circuit court found that medical testimony presented during the hearing established that Curtis had certain intellectual and emotional "special needs" which had to be met to ensure his adequate development. The court further found that Curtis B.'s mother, Leola B., "would not be able to parent a special needs child."

Following the permanency hearing, as required by section 2—28(3) of the Act, the circuit court entered a written order which established a goal for Curtis' permanent placement. Based on its findings from the permanency hearing, the court selected a permanency goal for Curtis of "substitute care pending court determination on termination of parental rights" (705 ILCS 405/2—28(2)(C) (West 1998)).

On July 28, 1999, Leola filed a notice of appeal from the circuit court's permanency order. Leola's appeal was authorized by the appeal provision of section 2—28(3), which states: "Any order entered pursuant to [section 2—28(3) of the Act] shall be immediately appealable as a matter of right under Supreme Court Rule 304(b)(1)." 705 ILCS 405/2—28(3) (West 1998). Rule 304(b)(1), in turn, provides that appeals may be taken from a "judgment or order entered in the administration of an estate, guardianship, or similar proceeding which finally determines a right or status of a party." 155 Ill. 2d R. 304(b)(1).

On April 30, 2001, the State filed a motion in the appellate court which sought to dismiss Leola's appeal for lack of appellate jurisdiction. In its motion, the State argued that a permanency order could not be appealed under Supreme Court Rule 304(b)(1) because such an order does not finally determine a right or status of a party as required by the rule. The State emphasized in its motion that the purpose of a permanency order is to set a *goal* for the child's permanent placement—not to finally determine the child's placement status. The State also emphasized that, under the Act, the permanency goal set forth in the order must be reviewed at least every six months and may be changed up until the time the goal is actually attained. Thus, the State argued that a permanency order "is always interlocutory" and, therefore, could not be appealed under Rule 304(b)(1).

In its motion to dismiss, the State also noted that, except as provided by supreme court rule, "the appellate court is without jurisdiction to review judgments, orders or decrees which are not final." *Almgren v. Rush-Presbyterian-St. Luke's Medical Center*, 162 Ill. 2d 205, 210 (1994). The State further noted that legislative attempts to grant appellate jurisdiction over nonfinal orders are void because such attempts "encroach upon the exclusive power of the supreme court to regulate matters of appellate practice and procedure." *People v. Heim*, 182 Ill. App. 3d 1075, 1081 (1989). The State maintained that the appeal provision of section 2—28(3) was an attempt to invoke the appellate court's jurisdiction to entertain an appeal from a nonfinal order. Hence, the State contended that the appeal provision violated the separation of powers clause of the Illinois Constitution (Ill. Const. 1970, art. II, § 1) and had to be stricken from the Act.

On August 2, 2001, the appellate court filed an opinion which granted the State's motion to dismiss Leola's appeal. 325 Ill. App. 3d 393. The appellate court agreed with the State that a permanency order is not a final order and that the legislature had "unduly encroached upon the inherent powers of the judiciary" by enacting the appeal provision of section 2—28(3) of the Act. 325 Ill. App. 3d at 398. In so holding, the court followed a line of unanimous decisions from the Fifth, Fourth and Second Districts of our appellate court which have held the appeal provision of section 2—28(3) unconstitutional. See *In re D.D.H.*, 319 Ill. App. 3d 989 (2001); *In re C.B.*, 322 Ill. App. 3d 1011 (2001); *In re A.M.*, 324 Ill. App. 3d 144, 145-46 (2001) ("Based on the decisions in *C.B.* and *D.D.H.*, we conclude that the order changing the permanency goal in the instant case constitutes a nonfinal order for which the supreme court has provided no rule for an appeal to this court and, therefore, we lack jurisdiction to consider the appeal").

We allowed Leola's petition for leave to appeal from the judgment of the appellate court dismissing her appeal. 177 Ill. 2d R. 315. On December 11, 2001, we granted leave to Curtis, represented by the Cook County public guardian, to appear as an appellant.

## ANALYSIS

Statutes are presumed constitutional. *In re R.C.*, 195 Ill. 2d 291, 296 (2001). The party challenging the validity of a statute has the burden of clearly establishing that it is unconstitutional. *People v. Inghram*, 118 Ill. 2d 140, 146 (1987). The constitutionality of a statute is a question of law which we review *de novo*. *Brown's Furniture, Inc. v. Wagner*, 171 Ill. 2d 410, 420 (1996).

Before this court, the State repeats the principal arguments that it advanced in the appellate court. The State notes that the Act itself defines a permanency goal as one which establishes "the future status of the child" (705 ILCS 405/1—3, 2—28(2) (West 1998)), and that, by statute, a permanency order sets forth the "future status of the minor" (705 ILCS 405/2—28(3)(a) (West 1998)). The State further notes this court's observation that " '[t]he selection of a permanency goal is not a final determination on the merits with regard to termination of parental rights but, rather, an intermediate procedural step taken for the protection of and best interests of the child.' " *In re D.S.*, 198 Ill. 2d 309, 329 (2001), quoting *In re K.H.*, 313 Ill. App. 3d 675, 682 (2000). According to the State, under the plain language of the Act, "a permanency goal does not *finally* determine a right or status of a party but instead looks at the anticipated *future* status of the child." (Emphases in original.) *In re D.D.H.*, 319 Ill. App. 3d at 991. Thus, the State argues, a permanency order is not a final order and the appeal provision of section 2—28(3) violates the separation of powers doctrine.

Leola and Curtis do not dispute that the placement

status of a minor is not finally determined in a permanency order. That question, they concede, is not finally decided until the placement goal is achieved. Leola and Curtis argue, however, that certain other important issues, such as the nature of social services provided to the parent and rights regarding visitation, are finally decided by a permanency order. Leola and Curtis note, for example, that section 2—28(2) mandates that all reunification services provided by the Department of Children and Family Services cease once a goal other than return home has been set. See 705 ILCS 405/2—28(2) (West 1998). Similarly, Leola and Curtis maintain that visitation rights may be curtailed once a goal of termination has been set. Leola and Curtis argue that the elimination of reunification services and alterations in visitation rights become effective once the goal of termination is entered. In light of these significant determinations, Curtis and Leola contend that a permanency order is final for purposes of Rule 304(b)(1).

There is no question that, as Curtis and Leola argue, a permanency order decides important issues for a child in the juvenile justice system. Nevertheless, the fact that an order resolves important issues does not necessarily render it final. A judgment is considered final "if it terminates the litigation between the parties on the merits or disposes of the rights of the parties, either on the entire controversy or a separate part thereof." *R.W. Dunteman Co. v. C/G Enterprises, Inc.*, 181 Ill. 2d 153, 159 (1998). A final order is one which sets or fixes the rights of a party. See, *e.g.*, *In re J.N.*, 91 Ill. 2d 122, 127 (1982).

None of the determinations contained in a permanency order can be considered set or fixed as a matter of law. By statute, the permanency order must be reviewed and reevaluated at a minimum of every six months up until the time the permanency goal is attained. See 705

ILCS 405/2—28(2) (West 1998). Under this requirement, it is not simply the case that the permanency order, once entered, may at some later time be reexamined. Rather, by operation of section 2—28, all of the rights and obligations set forth in the permanency order must remain open for reexamination and possible revision until the permanency goal is achieved. Given this fact, there is no reasonable basis upon which we can determine that a permanency order is a final order for purposes of Rule 304(b)(1). Like our appellate court, we therefore conclude that the legislature erred in providing for appeal of permanency orders under Rule 304(b)(1).

"[A]ttempts by the legislature to make nonfinal judgments appealable violate article VI, section 6, of our constitution [citation]." *Almgren*, 162 Ill. 2d at 213. Accordingly, the appeal provision of section 2—28(3), which attempts to make a nonfinal order appealable, violates the doctrine of separation of powers. The appeal provision must therefore be severed from section 2—28(3). Accord *In re D.D.H.*, 319 Ill. App. 3d at 992 (the appeal provision of section 2—28(3) "can appropriately be stricken while the remainder of the statute is left intact").

Our determination that the appeal provision of section 2—28(3) is unconstitutional, and our severance of that provision from the Act, eliminates the statutory authority for appealing permanency orders. Our holding therefore raises the question of whether permanency orders, subsequent to our decision in this case, may be appealed at all. As we have determined that permanency orders are interlocutory, the issue of whether such orders may be appealed is one that rests solely with this court. See *Almgren v. Rush-Presbyterian-St. Luke's Medical Center*, 162 Ill. 2d 205, 210 (1994). Leola and Curtis disagree with the State as to the wisdom of permitting appeals to be taken from permanency orders. However,

the parties agree that, having held the appeal provision of section 2—28(3) unconstitutional, this court should clarify whether, and, if so, in what manner, permanency orders may be appealed. We turn now to this issue.

Our supreme court rules currently contain a provision which would allow for appeals of permanency orders to be brought on a discretionary basis in the appellate court. Supreme Court Rule 306(a)(5) states:

"(a) Orders Appealable by Petition. A party may petition for leave to appeal to the Appellate Court from the following orders of the trial court:

\* \* \*

(5) from interlocutory orders affecting the care and custody of unemancipated minors, if the appeal of such orders is not otherwise specifically provided for elsewhere in these rules[.]" 166 Ill. 2d R. 306(a)(5).

Although the appellate court below briefly stated that permanency orders could not be appealed under Rule 306(a)(5) (325 Ill. App. 3d at 398-99), we find no basis for this conclusion in the language of the rule. Rule 306(a)(5) applies to "interlocutory orders affecting the care and custody of unemancipated minors." 166 Ill. 2d R. 306(a)(5). Permanency orders plainly fall within this language.

Leola and Curtis recognize the applicability of Rule 306(a)(5) to the instant case but urge this court to hold that permanency orders may be appealed as a matter of right, rather than at the discretion of the appellate court. In essence, Leola and Curtis maintain that the policy adopted by the legislature when it enacted the appeal provision of section 2—28(3), *i.e.*, that permanency orders should be immediately appealable as a matter of right, is sound and should be continued by this court. In so arguing, Leola and Curtis emphasize the importance of the permanency order within the scheme of child custody law, particularly when an indigent parent is involved and the permanency goal selected by the circuit court is termination of parental rights.

As noted, when a permanency goal of termination of parental rights has been entered by the court, the Department of Children and Family Services is no longer obligated to provide reunification services to the family. See 705 ILCS 405/2—28(2) (West 1998). For the indigent parent, the entry of a permanency goal of termination of parental rights is therefore doubly critical. Not only is the legal path set for termination but, in addition, state-funded counseling and other services are no longer available. Without resources and assistance, it is unlikely that the indigent parent will be able to change the circumstances, such as an alcohol or drug addiction, that were the reason the goal of termination of parental rights was selected. And, if those circumstances cannot be altered, there would be no basis for the circuit court to change the goal of termination in any subsequent review. Thus, as a practical matter, in many cases, it is unlikely that the goal of termination, once set, will be changed. Given the important practical effect that permanency orders have on parental rights, Leola and Curtis ask this court to make provision in our rules so that such orders may be immediately appealable as a matter of right.

Our task in this case is to balance the interest of parents in having judicial review of a significant decision affecting their right to the care and custody of their children against the critical need for timely resolution of the placement status of those children. See, *e.g.*, K. McDermott, *In the Child's Best Interest*, Ill. Issues, June 2002, at 27 (discussing this court's creation of the Special Supreme Court Committee on Child Custody Issues to address, *inter alia*, concerns regarding delays in child custody cases). Leola and Curtis' argument is addressed to the importance of protecting parental rights through appellate review. This is unquestionably a legitimate concern. However, providing the right to appellate review of every permanency order necessarily comes at a cost,

because with every appeal comes further delay in determining the child's permanent placement status.

After careful consideration, we conclude that the appellate review provided by Rule 306(a)(5) maintains the best balance between protecting parental rights and ensuring expeditious resolution of the child's placement status. Under Rule 306(a)(5), a party who wishes to petition the appellate court for leave to appeal a permanency order may do so. If the petition raises important legal questions or refers to questionable actions taken by the circuit court, the appellate court may grant review. In this way, permanency orders which need examination can, and will, be reviewed by the appellate court. The majority of cases, by not being subject to immediate interlocutory review, can proceed in a more timely fashion to determine the permanent placement status of the child.

The State notes that Leola did not cite Rule 306(a)(5) as an alternative basis for jurisdiction in her brief before the appellate court but, instead, relied entirely on the appeal provision of section 2—28(3). The State argues, therefore, that Leola has forfeited the opportunity to have the appellate court decide whether to hear her appeal under Rule 306(a)(5). We disagree. Prior to the filing of Leola's appeal below, our appellate court had not yet held the appeal provision of section 2—28(3) unconstitutional. Thus, Leola had no reason to cite to any statute or rule other than section 2—28(3). Under these circumstances, it is appropriate to remand this cause to the appellate court so that it may determine whether to hear Leola's appeal. See, *e.g.*, *In re Marriage of Leopando*, 96 Ill. 2d 114, 120 (1983) (entertaining appeal brought under improper rule where prior case law indicated that appeal could be heard under that rule).

## CONCLUSION

For the foregoing reasons, the judgment of the appel-

late court dismissing the appeal in the instant case is reversed. The cause is remanded to the appellate court. The appellate court shall consider Leola's appeal as properly brought pursuant to Supreme Court Rule 306(a)(5) and shall consider, in the exercise of its discretion, whether to accept Leola's appeal for resolution on the merits.

*Appellate court judgment reversed;*
*cause remanded with directions.*

JUSTICE RARICK took no part in the consideration or decision of this case.