# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*Gastroenterology Consultants of the North Shore, S.C. v. Meiselman*,
**2013 IL App (1st) 123692**

---

| | |
|---|---|
| Appellate Court Caption | GASTROENTEROLOGY CONSULTANTS OF THE NORTH SHORE, S.C., Plaintiff-Appellant, v. MICK S. MEISELMAN, J.D., NORTHSHORE UNIVERSITY HEALTHSYSTEM MEDICAL GROUP, INC., and NORTHSHORE UNIVERSITY HEALTHSYSTEM, Defendants-Appellees. |
| District & No. | First District, First Division<br>Docket No. 1-12-3692 |
| Filed | April 15, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Plaintiff medical group's motion for a preliminary injunction against defendant's solicitation or treatment of plaintiff's former patients except in a medical emergency was properly denied, since plaintiff was not entitled to enforcement of the restrictive covenant in defendant's employment contract with plaintiff, especially when plaintiff failed to establish a legitimate business interest in need of protection after defendant resigned from the group or that it had a near-permanent relationship with patients defendant treated. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-CH-31067; the Hon. Lee Preston, Judge, presiding. |
| Judgment | Affirmed and remanded. |

Counsel on
Appeal

Dahl & Bonadies, LLC, of Chicago (James E. Dahl and Paul N. Bonadies, of counsel), for appellant.

McGuire Woods, LLP, of Chicago (Jeffrey C. Clark and James J. Schanaberger, of counsel), and Kamensky Rubinstein Hochman & Delott, LLP, of Lincolnwood (Stuart Gimbel, of counsel), for appellees.

Panel

PRESIDING JUSTICE HOFFMAN delivered the judgment of the court, with opinion.

Justices Cunningham and Delort concurred in the judgment and the opinion.

## OPINION

¶ 1    The plaintiff, Gastroenterology Consultants of the North Shore, S.C., appeals from an order of the circuit court of Cook County which denied its motion for a preliminary injunction, restraining the defendant, Mick S. Meiselman, M.D., from soliciting its patients and from treating its patients except in situations involving a genuine medical emergency. For the reasons which follow, we affirm the judgment of the circuit court.

¶ 2    The evidentiary material in the record supports the following factual scenario. In 1996, Meiselman, along with three other physicians, formed the plaintiff corporation. All of the doctors associated with the plaintiff, including Meiselman, were required to enter into an employment agreement containing a restrictive covenant which prohibited them, for a period of 36 months following the termination of their employment, from soliciting patients of the plaintiff or from treating any of the plaintiff's patients directly or in connection with any entity engaged in a competitive business and located within a 15-mile radius of each of the plaintiff's offices and the Evanston Hospital facilities.

¶ 3    On December 14, 2010, Meiselman notified the plaintiff that he was terminating his employment, effective April 14, 2011, to accept a position with NorthShore University HealthSystem Medical Group, Inc. (NorthShore). as its chief of advanced therapeutic endoscopy. On April 20, 2011, Meiselman started work for NorthShore.

¶ 4    On June 9, 2011, the plaintiff sent a letter to Meiselman accusing him of breaching the restrictive covenant in his employment agreement. Meiselman readily admits that, in July 2011, he began treating any patient who sought out his services, including patients he had treated while in the employ of the plaintiff.

¶ 5    On September 1, 2011, the plaintiff filed the instant action seeking both preliminary and permanent injunctive relief against Meiselman for breach of the restrictive covenant contained within his employment agreement. In addition, the plaintiff sought a judgment against NorthShore and NorthShore University HealthSystem for both compensatory and

punitive damages predicated upon a theory of tortious interference with contract.

¶ 6      On October 13, 2011, the plaintiff filed a motion for a preliminary injunction against Meiselman, seeking to restrain him from soliciting any of its patients and from treating its patients except in situations involving a genuine *medical* emergency. The plaintiff alleged, *inter alia*, that, in violation of the restrictive covenant contained within his employment agreement, Meiselman began soliciting and treating its patients beginning at some time after April 14, 2011.

¶ 7      Following an evidentiary hearing, the trial court denied the plaintiff's motion for a preliminary injunction, finding, *inter alia*, that the plaintiff failed to prove that: it had any legitimate protectable interest in the patients being treated by Meiselman; the restrictive covenant in Meiselman's employment agreement is reasonable in geographical scope; it has suffered or will suffer irreparable harm if the restrictive covenant is not enforced; and it has a reasonable likelihood of success on the merits. Thereafter, the plaintiff timely filed this interlocutory appeal pursuant to Supreme Court Rule 307(a) (Ill. S. Ct. R. 307(a) (eff. Feb. 26, 2010)), contending that: (1) the trial court applied an incorrect standard in determining the existence of a legitimate business interest in need of protection; (2) the trial court's findings that the restrictive covenant in Meiselman's employment agreement is not reasonable in geographical scope and that it had not suffered, and will not suffer, irreparable harm if the restrictive covenant is not enforced are against the manifest weight of the evidence; and (3) the trial court's determination that it failed to show an extreme emergency in need of redress is both against the manifest weight of the evidence and irrelevant.

¶ 8      In order to be entitled to the issuance of a preliminary injunction in this case, the plaintiff was required to establish by a preponderance of the evidence that (1) it possesses a clear right or interest needing protection, (2) no adequate remedy at law exists, (3) irreparable harm will result if an injunction is not granted, and (4) there is a likelihood of success on the merits of the case. *Southern Illinois Medical Business Associates v. Camillo*, 190 Ill. App. 3d 664, 671 (1989).

¶ 9      The decision to grant or deny a preliminary injunction is a matter committed to the sound discretion of the trial court, and its decision will not be disturbed on appeal absent an abuse of that discretion. *Callis, Papa, Jackstadt & Halloran, P.C. v. Norfolk & Western Ry. Co.*, 195 Ill. 2d 356, 366 (2001). When, however, the issue presented is whether the trial court applied an incorrect legal test to the evidence, the question is one of law and our review is *de novo*. *In re A.H.*, 207 Ill. 2d 590, 593 (2003).

¶ 10      A contract in total and general restraint of trade is void as against public policy. However, a restrictive covenant, ancillary to a valid employment relationship, will he upheld if the restraint is reasonable. *Reliable Fire Equipment Co. v. Arredondo*, 2011 IL 111871, ¶ 16. A restrictive covenant is reasonable only if it: "(1) is no greater than is required for the protection of a legitimate business interest of the employer-promisee; (2) does not impose undue hardship on the employee-promisor, and (3) is not injurious to the public." *Reliable Fire Equipment Co.*, 2011 IL 111871, ¶ 17. The protection of the employer's legitimate business interest is a long-established component in this three-prong rule of reason. *Reliable Fire Equipment Co.*, 2011 IL 111871, ¶ 30. Although the three-prong test is the standard for

determining the reasonableness of a restrictive covenant, its application is unstructured; there is no inflexible formula. Reasonableness must be decided on an *ad hoc* basis. *Reliable Fire Equipment Co.*, 2011 IL 111871, ¶ 33. Whether the employer has a legitimate business interest in need of protection is based upon the totality of the circumstances of the individual case. "Factors to be considered in this analysis include, but are not limited to, the near-permanence of customer relationships, the employee's acquisition of confidential information through his employment, and the time and place restrictions." *Reliable Fire Equipment Co.*, 2011 IL 111871, ¶ 43. The plaintiff argues that the circuit court applied an incorrect test in determining whether it possessed a legitimate business interest in need of protection. According to the plaintiff, the circuit court applied the "Near-Permanent Customer Relationship Test" which was repudiated by the supreme court in *Reliable Fire Equipment Co.*, 2011 IL 111871, ¶¶ 37-40. We disagree.

¶ 11    Our reading of the circuit court's memorandum opinion reflects that it analyzed the question of whether the plaintiff has a legitimate business interest in need of protection based upon the totality of the circumstances in this case. It is true that the circuit court considered whether the plaintiff had a near-permanent relationship with the patients being treated by Meiselman. It is also true, however, that the circuit court considered whether Meiselman misappropriated any confidential information that he acquired while employed by the plaintiff and, subsequent to the termination of his employment, used that information for his own benefit; and the geographic restrictions contained in the employment agreement. Additionally, the circuit court examined issues, such as: the level of the plaintiff's investment of time, effort or money in the development of Meiselman's relationship with his patients, Meiselman's patient-referral sources, whether the plaintiff assisted Meiselman in the development of his professional practice through advertising or marketing, Meiselman's maintenance of a separate office where he treated his patients, the fact that Meiselman, not the plaintiff, billed for his services, and whether Meiselman would not have developed his relationship with his patients and referral sources "but for" his affiliation with the plaintiff. To us, it is clear from the the circuit court's memorandum opinion that it made the determination of whether the plaintiff established a legitimate business interest in need of protection based upon the totality of the circumstances in this case.

¶ 12    Next, the plaintiff argues that the circuit court's finding that it failed to establish that it possessed a legitimate business interest in need of protection is against the manifest weight of the evidence. Again we disagree.

¶ 13    Factual determinations made by a trial court sitting without a jury are entitled to great deference and will be disturbed on review only when they are against the manifest weight of the evidence. *Bazydlo v. Volant*, 164 Ill. 2d 207, 214-15 (1995). Factual findings are against the manifest weight of the evidence only when an opposite conclusion is clearly apparent or when they appear to be unreasonable or not based upon the evidence. *Leonardi v. Loyola University of Chicago*, 168 Ill. 2d 83, 106 (1995).

¶ 14    The testimony at the evidentiary hearing conducted by the trial court prior to ruling on the plaintiff's motion for a preliminary injunction establishes that, prior to the formation of the plaintiff corporation, Meiselman practiced gastroenterology for approximately 10 years in the area later serviced by the plaintiff, treating thousands of patients. Meiselman, along

with Drs. James Rosenberg, Tom Neumann and Tat Tsang, formed the plaintiff corporation in 1996. Meiselman testified that, from the very beginning of his association with the plaintiff, he continued treating patients, and accepting referrals from physicians, with whom he had developed relationships prior to affiliating with the plaintiff. After the formation of the plaintiff corporation, Meiselman preserved his independent relationship with his patients. According to Meiselman, the plaintiff did not introduce him to either his patients or his physician-referral sources. Rosenberg, the plaintiff's president, admitted that physicians would refer patients to Meiselman individually, not to the plaintiff. The plaintiff did not advertise, promote or market Meiselman's practice, and, with the exception of administrative support, the plaintiff was not materially involved with his practice. Meiselman billed for his services, not the plaintiff; and his compensation was based upon the revenue generated by his independent practice. Meiselman maintained his own office and had his own telephone number. Based upon the testimony at the hearing, the circuit court correctly concluded that there was no evidence that the plaintiff ever established a near-permanent relationship with the patients treated by Meiselman.

¶ 15     Following the hearing, the circuit court concluded that the plaintiff had failed to establish that it had a legitimate business interest in need of protection. Since we cannot say that an opposite conclusion than that reached by the trial court is clearly apparent, its conclusion in this regard is not against the manifest weight of the evidence.

¶ 16     In the absence of a legitimate business interest in need of protection, the plaintiff cannot satisfy the three-prong test of reasonableness necessary to entitle it to judicial enforcement of the restrictive covenant contained in Meiselman's employment agreement. *Reliable Fire Equipment Co.*, 2011 IL 111871, ¶¶ 17-34.

¶ 17     Therefore, we need not address the other issues raised by the plaintiff in its brief before this court, relating to the propriety of the trial court's findings relating to the geographical scope of the restrictive covenant. *Reliable Fire Equipment Co.*, 2011 IL 111871, ¶ 20; see also *House of Vision, Inc. v. Hiyane*, 37 Ill. 2d 32, 38-39 (1967).

¶ 18     Based upon the foregoing analysis, it is clear to us that there is little likelihood of the plaintiff's success on the merits of this case (*Southern Illinois Medical Business Associates*, 190 Ill. App. 3d at 671) and, therefore, the trial court did not abuse its discretion (see *Lonergan v. Crucible Steel Co. of America*, 37 Ill. 2d 599, 612 (1967)) when it denied the plaintiff's motion for a preliminary injunction to restrain Meiselman from soliciting the plaintiff's former patients and from treating its patients except in situations involving a genuine medical emergency. Consequently, we affirm the judgment of the circuit court and remand this matter for further proceedings consistent with this opinion.

¶ 19     Affirmed and remanded.