NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 190818-U

NOS. 4-19-0818, 4-19-0819 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 19, 2020
Carla Bender
4th District Appellate
Court, IL

| | |
|---|---|
| *In re* CUSTODY OF H.J., a Minor | Appeal from the |
| | Circuit Court of |
| (Patrick E. Lee and Lisa D. Lee, | Sangamon County |
| Petitioners-Appellants, | No. 15JA182 |
| v.    (No. 4-19-0818) | |
| Kristina Calhoun, | |
| Respondent-Appellee). | |
| | |
| | No. 15JA183 |
| *In re* CUSTODY OF L.J., a Minor | |
| | |
| (Patrick E. Lee and Lisa D. Lee, | |
| Petitioners-Appellants, | |
| v.    (No. 4-19-0819) | |
| Kristina Calhoun, | Honorable |
| Respondent-Appellee). | Karen S. Tharp, |
| | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Presiding Justice Steigmann and Justice Holder White concurred in the judgment.

**ORDER**

¶ 1     *Held*: The appellate court lacks jurisdiction to consider petitioners' appeal because the trial court's order granting custody and guardianship was not a final appealable order.

¶ 2     In December 2017, the trial court terminated the parental rights of Shaundra J. and Joseph J. as to their minor children H.J. (born in December 2008) and L.J. (born in January 2011). In October 2017, foster parent Kristina Calhoun filed a petition for custody or guardianship of the minor children, and in September 2018, petitioners, Patrick E. Lee and Lisa

D. Lee (the minors' maternal grandparents), filed a petition for custody or guardianship of the minor children. After 18 days of hearings throughout 2019, the trial court denied petitioners' petition, granted Calhoun's, left wardship open, and set the matter for a permanency review hearing.

¶ 3        On appeal, petitioners challenge the trial court's order denying their guardianship petition and granting Calhoun's petition, arguing it goes against the manifest weight of the evidence. For the reasons set forth below, we dismiss this appeal for lack of jurisdiction.

¶ 4                                I. BACKGROUND

¶ 5        In October 2015, the State filed a petition for adjudication of neglect or abuse with respect to H.J. and L.J., the minor children of Shaundra J. and Joseph J. Following an emergency shelter care hearing, the trial court adjudicated the minors neglected, made them wards of the court, and placed custody and guardianship with the Department of Children and Family Services (DCFS). After a hearing on the State's motion to terminate parental rights in December 2017, the court found both parents were unfit persons based on the counts alleged in the State's petition. The court subsequently held a best-interests hearing, where the court found it was in the minors' best interest to terminate parental rights. Both parents appealed the court's ruling, which this court affirmed in May 2018. See *In re H.J.*, 2018 IL App (4th) 170951-U; *In re H.J.*, 2018 IL App (4th) 170955-U.

¶ 6        In April 2017, Calhoun filed a "Notice of Right to be Heard," indicating she was the current foster parent for both minors and had a statutory right to be heard in the proceedings according to the Juvenile Court Act of 1987 (Juvenile Court Act) (750 ILCS 405/1-5(2)(a) (West 2016)). The trial court granted Calhoun's petition in May 2017 and allowed her to be a party in the guardianship proceedings. In July 2018, petitioners filed a petition for leave to intervene with

- 2 -

the court claiming it was in the best interests of both minor children they reside with them. Petitioners previously adopted the minors' older half-brother when he was three years old, and he continued to reside with petitioners in the State of Alaska. The petition states petitioners were unaware of the minors' foster care placement until March 2017. Upon learning of their placement, petitioners contacted DCFS to establish contact with the minors and started the process to become a potential placement. In August 2018, the court denied petitioners' petition to intervene but allowed petitioners' attorney to be present during future hearings "due to issues that may come up in [the] adoption case."

¶ 7       In October 2017, Calhoun filed a petition for custody or guardianship of the minor children. In September 2018, petitioners filed a petition for custody or guardianship of the minors. Starting in January 2019 and concluding in October 2019, the trial court conducted 18 days of hearings and testimony before granting Calhoun's petition and denying petitioners' competing petition. The court reasoned, in part, that since the minors have resided with Calhoun for such a significant period of time, removing them from that environment and placing them elsewhere would traumatize them. However, the court stated wardship would remain open and set the matter for a future review hearing approximately four months later. From our review of the record, we see there is a pending adoption matter involving the same minors and the same parties as in this appeal in Sangamon County case No. 18-AD-66.

¶ 8       On appeal, petitioners argue the trial court erred in denying their petition and granting Calhoun's petition, as the decision was against the manifest weight of the evidence. Specifically, petitioners contend the manifest weight of the evidence showed the minors should have been placed with family and near a large extended family as opposed to remaining in Illinois with no family nearby. Unable to reach the merits of this case, we dismiss this appeal for

lack of jurisdiction.

¶ 9                                    II. ANALYSIS

¶ 10          We initially comment on the lengthy delays in the briefing schedules. The due date for this appeal was April 16, 2020, yet this case was not assigned to the panel until April 29, 2020. The reply brief was filed on April 13, 2020, three days before the disposition due date. Over the course of five months, both parties filed several motions for extensions of time in addition to other various motions causing delays in the proceeding. Illinois Supreme Court Rule 311(a)(5) (eff. July 1, 2018) requires the appellate court to issue its decision within 150 days after the filing of a notice of appeal, except for good cause shown. The parties' numerous delays, the delay in filing a reply brief, the voluminous record consisting of a common law record of 1758 pages, report of proceedings of 3317 pages, and 1413 pages of exhibits, and the fact this case was assigned to this panel more than 10 days after it was already due, provides us with good cause for issuing our decision after the 150-day deadline under Rule 311(a)(5).

¶ 11          Petitioners argue the trial court's decision granting custody and guardianship in favor of foster parent Calhoun was an abuse of discretion because it stood against the manifest weight of the evidence. However, because the trial court's order granting custody and guardianship was not a final and appealable order, we lack jurisdiction and therefore must dismiss this appeal.

¶ 12          Petitioners' jurisdictional statement asserts that our jurisdiction over this appeal exists pursuant to Illinois Supreme Court Rule 303(a)(2) (eff. July 1, 2017) ("When a timely postjudgment motion has been filed by any party, whether in a jury case or a nonjury case, a notice of appeal filed before the entry of the order disposing of the last pending postjudgment motion, or before the final disposition of any separate claim, becomes effective when the order

disposing of said motion or claim is entered."). Petitioners alternatively cite Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) for jurisdiction (allowing appeals from final judgments as to fewer than all parties where the trial court makes an express finding that there is no just reason for delaying an appeal). However, neither rule applies here to confer jurisdiction.

¶ 13 "Whether the appellate court has jurisdiction to consider an appeal presents a question of law which we review *de novo.*" *EMC Mortgage Corp. v. Kemp*, 2012 IL 113419 ¶ 39, 982 N.E.2d 152. Other than delinquent minor proceedings, all other proceedings under the Juvenile Court Act are governed by rules applicable to civil cases. Ill. S. Ct. R. 660 (a), (b) (eff. Oct. 1, 2001). "[Illinois Supreme Court] Rules 301 and 303 govern appeals from cases in which the [trial court's] final order has disposed of the entire controversy. Rule 304 governs cases in which a court's final order has been entered as to a separate part of the controversy." *In re Adoption of Grinnell*, 316 Ill. App. 3d 789, 791, 737 N.E.2d 1094, 1096 (2000). A final judgment is one that fixes absolutely the rights of the parties; it disposes of or terminates the litigation or some definite part thereof. *In re M.M.*, 337 Ill. App. 3d 764, 771, 786 N.E.2d 654, 659-60 (2003). If a trial court retains jurisdiction for the future determination of matters of substantial controversy in the litigation, then the order is not final. *In re Guzik*, 249 Ill. App. 3d 95, 99, 617 N.E.2d 1322, 1325 (1993). For the appellate court to have jurisdiction, the trial court's order must be a final order unless our supreme court confers appellate jurisdiction as set forth within its supreme court rules. *In re J.N.*, 91 Ill. 2d 122, 126, 435 N.E.2d 473, 475 (1982).

¶ 14 Sections 2-31(1) and (2) of the Juvenile Court Act (705 ILCS 405/2-31(1), (2) (West 2018)) outline the duration of wardship and discharge proceedings. These sections provide that all proceedings under the Juvenile Court Act with respect to any minor where a petition was filed automatically terminates when the minor turns 21 or whenever the trial court determines

- 5 -

and makes written factual findings that the "health, safety, and the best interests of the minor and the public *no longer require wardship of the court*." (Emphasis added.) 705 ILCS 405/2-31(1), (2) (West 2018). Before a written permanency order is completed by the court, a party may seek review of the permanency goal by filing a motion. Any person interested in the minor may apply to the court for a change of custody and the appointment of a new custodian or guardian for the minor. 705 ILCS 405/2-28(4) (West 2018). "[A]ll of the rights and obligations set forth in the permanency order *must remain open* for reexamination and possible revision *until the permanency goal is achieved*." (Emphases added.) *In re Curtis B.*, 203 Ill. 2d 53, 60, 784 N.E.2d 219, 223 (2002). Until permanency is finally achieved, the court has the option of either continuing or terminating the custody or guardianship previously ordered. 705 ILCS 405/2-31(2) (West 2018).

¶ 15    Here, there was no indication from the trial court that the minors' permanency goal had been achieved. In fact, when petitioners filed this appeal, the matter was still set for a review hearing approximately four months later. Rather than terminating the minors' wardship, the trial court kept "wardship open" and continued the case for a further permanency review hearing. Although this review hearing was not captioned a permanency review hearing, DCFS filed a permanency review hearing report shortly before the trial court granted Calhoun's petition for custody and guardianship, requesting the trial court set a permanency hearing within six months. Furthermore, the trial court made no written factual findings terminating wardship and discharging the case or verifying the completion of the permanency goal for the minors. Because no factual finding was made and wardship and proceedings remained "open," the trial court maintained statutory authority over the custody and guardianship of the minors. In short, "matters of substantial controversy" remained open, making the trial court's "order *** not

final." *Guzik*, 249 Ill. App. 3d at 99. Thus, the trial court's custody and guardianship order could have changed at the next "review hearing" and was thus a "nonfinal order" and not appealable under Rule 304. See *J.N.*, 91 Ill. 2d at 126 (finding no appellate court jurisdiction unless the trial court's order is final or supreme court rules confer appellate jurisdiction).

¶ 16    The record reflects the trial court believed its order granting custody and guardianship to Calhoun was final and appealable pursuant to Rule 304 (a) (If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both.). Upon petitioners' request, the trial court made a Rule 304(a) finding, claiming some, if not all, of the issues were final and appealable and there was no just reason for delay. However, ruling the order is final and appealable does not make it so—especially if the merits of the case are still unresolved. The inclusion of a finding that there is no just reason for delaying enforcement or appeal cannot render final an otherwise nonfinal order. *In re Guardianship of J.D.*, 376 Ill. App. 3d 673, 677, 878 N.E.2d 141, 144 (2007). A judgment or decree is final and reviewable when it terminates litigation on the merits of the case and determines rights of parties, either upon the entire controversy or upon some definite and separate part of it. *National Tea Co. v. Gaylord Discount Department Stores, Inc.*, 100 Ill. App. 3d 806, 809, 427 N.E.2d 345, 347 (1981).

¶ 17                                III. CONCLUSION

¶ 18    For the reasons stated, we dismiss this appeal for lack of jurisdiction.

¶ 19    Appeal dismissed.